# Pratt's Appeal.

1. Pratt entered into a note as surety for Strickland, who at the same time assigned to Pratt, as security, and delivered to him, a bill single with warrant, on which judgment had been entered in favor of Strickland; the judgment was not marked to Pratt's use on the record; Pratt paid the note. Strickland being indebted to Christman, afterwards offered to confess judgment for this debt or assign the first judgment as collateral. Christman, after examining the record, took the assignment, Pratt still holding the bill with warrant; the judgment was marked to Christman's use: *Held,* he was not a purchaser for value and was postponed to Pratt.

2. The non-delivery to Christman of the note on which the judgment was entered, was not notice of the prior assignment.

3. Ashton's Appeal, 23 P. F. Smith 162; Fraley's Appeal, 26 Id. 42, followed.

February 6th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Appeal from the Court of Common Pleas of *Chester county :* Of January Term 1875.

The facts in this case were as follows :

On the 6th of April 1871, judgment was entered in the Common Pleas of Chester county, on bill single and warrant of attorney to confess judgment, dated the same day for $500, in favor of Nimrod Strickland, Jr., against Abraham Mosteller; the bill single and warrant, which constituted one instrument, were after the entry of the judgment, in accordance with the practice of that county, handed back to Strickland.

Strickland being indebted to William H. Wells, handed this note over to him in part payment. This was in September 1872. Some two or three days thereafter, Strickland paid the money to Wells, who returned the note to him, and executed an assignment of it, the name of the assignee and the date also being left blank. This assignment was on a separate paper from the note, which was attached to it. When the note was first handed to Wells, it had no endorsement or assignment upon it. Subsequently, this entry was made upon it. "This judgment is for the use of William H. Wells," (signed) "Nim. Strickland, Jr."

On the 2d of October 1872, Strickland called upon Joseph Pratt, and informed him that he had to raise some money, and desired him to endorse or go his security on a note for $500, and offered him as security the note of Mosteller. Pratt entered into a note with Strickland to Smedley Darlington for $500, dated October 2d 1872, upon which Strickland obtained the money. At the same time Strickland handed the note to Pratt, together with the assignment of Wells, filling in the name of Joseph Pratt as assignee, so that Mr. Pratt in form held the note as assignee of Wells. Mr. Pratt became surety for Strickland on the faith of the transfer of this note and the judgment entered thereon. He took possession of the note and assignment and retained them. He had no entry made on the docket of the transfer of the judgment. A short time after the note given to Darlington became due Pratt was called upon to pay it and did so.

On the 18th of October 1872, Jacob Christman called upon Strickland for payment of $500, and interest which Strickland had collected for him as his attorney-at-law, and had made use of for his own purposes. Strickland offered to give him a lien upon his property, or to assign to him a judgment which he held against Mosteller. Christman on the same day called upon Mr. Monaghan as his counsel, and informed him of the circumstances and of the offer of Strickland. Christman and his counsel then repaired to the public offices and examined the records as to the condition of Strickland and also of Mosteller. Christman was thereupon advised to take a transfer of the judgment against Mosteller in preference to a lien against Strickland. Christman left the matter in the hands of his counsel, Mr. Monaghan, to carry out for him, and Mr. Monaghan, on the same day, October 18th 1872, procured from Strickland an assignment to Christman of the judgment against Mosteller, which had been assigned to Pratt. Christman was not aware that there had been a previous assignment to Pratt, and there was nothing on the record of the judgment to indicate it. On the 19th of November 1872, the assignment to Christman was filed in the prothonotary's office and the judgment marked to his use.

Execution was issued against Mosteller, the money in the sheriff's hands collected thereon being claimed respectively by Joseph Pratt and Jacob Christman, J. Smith Futhey, Esq., was appointed auditor to determine the ownership of the fund. He reported the foregoing facts and awarded the fund to Christman.

Exceptions having been filed to the report, it was recommitted to the same auditor to take further testimony and report on it. In his additional report he found that Christman "took the assignment of the judgment in preference to a judgment against Strickland; that he took it for the purpose of securing, as far as possible, Strick-

land's indebtedness to him, and of realizing his money from it; that he was informed by his counsel that, in his opinion, it would not be safe to take a lien on Strickland's property—that it would not secure his money, and that he was satisfied, after examining the records that Mosteller was good. The assignment of the Mosteller judgment to Christman was not taken as payment in the ordinary legal acceptation of the term, or in substitution for the debt which Strickland owed Christman, but to secure Christman, and to enable him to realize, as far as possible, the indebtedness of Strickland to him. At the time of the assignment of the Mosteller judgment to Christman on the 18th of October 1872, Strickland was engaged in the practice of his profession, and owned real estate and personal property—the latter consisting principally of his law library and office furniture. His real estate was encumbered to more than its value in the market. On the 19th of October 1872, an execution was issued against Strickland by Pyle & Brown, for a debt of $150. This execution was placed in the hands of the sheriff at 3 o'clock P. M. on said day. On the same day, Strickland gave to Aitkin & Sergeant, a judgment note for $464.73, payable on demand, which was entered as a judgment on the same day; and on the 25th of October 1872, at about 10 o'clock in the evening, an execution was issued upon it, and placed in the hands of the sheriff. It will be thus seen that the execution of Pyle & Brown was placed in the hands of the sheriff at 3 o'clock of the day after that on which Christman had taken an assignment of the Mosteller judgment, and that of Aitken & Sergeant.

"The personal property of Strickland was levied upon and sold under these executions, and realized the sum of $697.53, which, after deducting costs, was appropriated, first to the payment of rent due Joseph P. Wilson, $175, next to the amount of Pyle & Brown's execution, $152.98, and the balance, $337.21, to the execution of Aitken & Sergeant. On the morning of October 25th 1872, Strickland left and has not since returned. Christman was not aware that Pratt held an assignment of the note on which the Mosteller judgment had been entered, until after Strickland had left, and after his personal property had thus been taken in execution.

"The auditor is of the opinion that at the time when Christman became aware that Pratt held an assignment of the note in question, he occupied a different position from that which he did when he took the assignment of the judgment from Strickland. Had the records, when examined by Christman, exhibited the fact that Pratt was the owner of the judgment, and that he could therefore obtain nothing from that source, he might have obtained judgment by confession from Strickland, and issued execution thereon, and as will be seen from the foregoing facts, have thus secured the greater

part of his claim.  Whether he would have issued an execution
if judgment had been confessed, we of course have no means of
knowing, but he might have done so.  So far as appears there was
no other source from which he could have realized anything by
legal process, except from the personal property of Strickland.
While therefore the auditor .now finds that the assignment of the
judgment to Christman was not taken by him in substitution of,
or as payment of the indebtedness of Strickland, or of part of it,
yet as he occupied a different position, when he was first informed
of the assignment held by Pratt, from that which he did when he
took the assignment of the Mosteller judgment, the auditor is of
opinion, that the proceeds of the judgment should be awarded to
him, and he therefore makes no alteration as to the manner of
distribution from that already reported by him."

After exceptions by Pratt, the court (Butler, P. J.) confirmed
the report of the auditor and decreed the fund to Christman.

Pratt appealed to the Supreme Court and assigned the decree
for error.

*R. T. Cornwell* and *W. Darlington*, for appellant.—The assign-
ment to Christman conveyed no greater right than Strickland pos-
sessed.  Christman was not a purchaser for value.  A creditor
who takes a mortgage, note or other chose in action, only as
security for a pre-existing indebtedness, and not for money ad-
vanced at the time, is not a purchaser for value : Ashton's Appeal,
23 P. F. Smith 162 ; Petrie *v.* Clark, 11 S. & R. 377 ; Irwin *v.*
Tabb, 17 Id. 419 ; Hartman *v.* Dowdel, 1 Rawle 282 ; Twelves
*v.* Williams, 3 Whart. 485 ; Depeau *v.* Waddington, 6 Id. 220 ;
Trotter *v.* Shippen, 2 Barr 358 ; Ludwig *v.* Highley, 5 Id. 139 ;
Kirkpatrick *v.* Muirhead, 4 Harris 123 ; Garrard *v.* Railroad Co.,
5 Casey 154 ; Railroad Co. *v.* Barker, Id. 160 ; Bay *v.* Codding-
ton, 5 Johns. Ch. 54 ; s. c., 20 Id. 637 ; Stalker *v.* McDonald, 6
Hill 93.

*R. E. Monaghan* ·and *P. F. Smith,* for appellee, cited : Fisher
*v.* Knox, 1 Harris 622; Campbell's *Appeal,* 5 Casey 402 ; Fraley's
Appeal, 26 P. F. Smith 42 ; Gaullagher *v.* Caldwell, 10 Harris
300 ; Eagle Beneficial Society's Appeal, 25 P. F. Smith 226.

Mr. Justice SHARSWOOD delivered the opinion of the court,
March 1st 1875.

The appellant held an assignment for valuable consideration of
the note and judgment against Mosteller, which was prior in time
to the assignment to Christman, and therefore better in right,
unless Christman could show a superior equity.  As against a
subsequent purchaser for valuable consideration without notice,
Pratt's neglect to have the judgment marked on the record to his

use, would have postponed him under the case of Fisher *v.* Knox, 1 Harris 622 ; Gaullagher *v.* Caldwell, 10 Id. 300 ; Campbell's Appeal, 5 Casey 402.   Nor would the fact of the non-production and delivery of the note by the assignor at the time of the second assignment, avail to show notice of the prior assignment : Bury *v.* Hartman, 4 S. & R. 175 ; Fraley's Appeal, 26 P. F. Smith 42.    But was Christman a sufficient purchaser for value ?   He took his assignment as mere collateral security for a prior indebtedness.    According to the well-established doctrine of this court that did not invest him with the rights or equity of a purchaser for value: Ashton's Appeal, 23 P. F. Smith 162, and cases there cited.   It is supposed, however, by the auditor and the learned court below, that the fact that when the assignment was made to Christman the assignor offered to confess a judgment in his favor, or to assign him this judgment as collateral, and that he preferred the latter alternative, was a sufficient consideration.    " Christman," says the auditor, " was not aware that Pratt held an assignment of the note on which the Mosteller judgment had been entered, until after Strickland (the assignor) had left, and after his personal property had been taken in execution.    The auditor is of the opinion that at the time when Christman became aware that Pratt held an assignment of the note in question, he occupied a different position from that which he did when he took the assignment of the judgment from Strickland."    That may be true ; but how did it make his assignment an assignment for value ?   It showed, perhaps, that he had made a mistake in not accepting the confession of judgment, and proceeding at once to levy upon Strickland's personal property.   Had he contracted to give time on the debt the case would have been different.    His position after the assignment was the same as before.    He had given up no right which he then possessed.    If a debtor offers to his creditor the choice of one of two securities as collateral, surely he is not turned into a purchaser for value, by showing that if he had accepted the one which he declined, he could or might have made his money.    If it resulted in loss, it was not a loss produced by the assignment, but entirely independent, and cannot therefore enter into the consideration of it.

> Decree reversed, and the balance of the fund in court ordered to be paid to Joseph Pratt.   The cost of this appeal to be paid by the appellee.