## Adamson, Appellant, *v.* Souder.

*Deed—Collateral security—Antecedent debt—Recording act—Trust and trustees—Declaration of trust—Husband and wife.*

Where a wife joins in a deed with her husband by which they convey whatever interest they may have in the lands of the husband's deceased brother, the wife by joining in the deed conveys no lands that belong to herself. In such a case she only joins in the deed for the purpose of passing any inchoate right of dower that she may have in the lands of her husband.

A grantee in a deed who takes the land conveyed as collateral security for an antecedent debt is not a purchaser for value within the protection of the recording acts.

Where the purchase money of real estate belongs to the wife of a brother of the grantee, and the grantee on the day of the date of the deed executes a declaration of trust in favor of his sister-in-law, which declaration is not recorded until long after his death and the brother after the death of the grantee and before the declaration of trust is recorded, executes with his wife a deed to another person of all his interest in his deceased brother's estate, as collateral security for an antecedent debt, the land belonging to the wife and covered by the declaration of trust does not pass by such deed, nor is the grantee in such deed a purchaser for value within the protection of the recording acts as against the woman who really owned the land.

Argued Jan. 20, 1903. Appeal, No. 293, Jan. T., 1902, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1900, No. 495, on verdict for defendant in case of Joseph Adamson v. Anna M. Souder. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for land in Philadelphia. Before WILLSON, J.

The jury rendered the following special verdict:

We find the following facts:

April 13, 1861, the West End Land Association conveyed to Benjamin K. Souder, inter alia, the premises described in the writ, in terms as therein set forth, by deed recorded May 24, 1862, in deed book A C H, No. 49, page 274.

On the same day Benjamin K. Souder made a declaration of trust in favor of Anna M. Souder, in terms as therein set forth, for all the premises described in the foregoing deed. This declaration of trust was recorded October 8, 1894, in deed book J J C, No. 12, page 15.

Benjamin K. Souder died April 13, 1877, intestate, leaving surviving a brother, Joseph W. Souder (husband of Anna M. Souder) and two sisters, Catherine R. Souder and Margaret Manderson. No conveyance by him of the premises described in the writ was ever recorded during his lifetime.

Joseph W. Souder and Anna M., his wife, by deed dated January 24, 1879, conveyed to Catherine R. Souder all the interest which they or either of them had in the lands of which Benjamin K. Souder died seized or possessed of or in any way entitled to in terms or therein set forth; recorded January 24, 1879, in deed book L W, No. 14, page 93.

Catherine R. Souder died October 29, 1886, leaving a will dated June 17, 1886, as offered in evidence, and letters of administration d. b. n. c. t. a. were granted thereon by the register of wills of Philadelphia county to Frederick G. Elliott on May 6, 1896.

Frederick G. Elliott, administrator d. b. n. c. t. a. of Catherine R. Souder, deceased, by deed dated October 23, 1897, offered in evidence, conveyed to Joseph Adamson, the plaintiff, all the interest of Catherine R. Souder in the estate of Benjamin K. Souder, deceased, which she acquired under deed dated January 24, 1879, from Joseph W. Souder and Anna M., his wife, and of which said Catherine R. Souder died seized, as set forth in said deed.

The last mentioned deed was made in pursuance of the order of the orphans' court of Philadelphia county in certain proceedings, the record of which was offered in evidence, entitled estate of Catherine R. Souder, deceased.

On January 30, 1895, Albert B. Parvin, substituted trustee, conveyed to Anna M. Souder, the defendant, the premises de-

scribed in the writ, as set forth in said deed, which said deed was offered in evidence, recorded in deed book J J C, No. 2, page 544.

On January 25, 1895, Anna M. Souder presented her petition to common pleas, No. 1, as of December term, 1894, No. 1036, praying for the appointment of a substituted trustee in place of Benjamin K. Souder, then deceased, under the declaration of trust, dated April 13, 1861, from Benjamin K. Souder to Anna M. Souder. Whereupon on January 28, 1895, the court appointed Albert B. Parvin trustee to succeed Benjamin K. Souder, with like powers and duties, above record being offered in evidence.

If under the facts the court be of the opinion that the plaintiff is entitled to recover, then we find in favor of the plaintiff, and judgment to be entered for the plaintiff.

But if under these facts the court be of the opinion that the plaintiff is not entitled to recover, then judgment to be entered for the defendant, notwithstanding the verdict.

The court in an opinion by WILLSON, J., entered judgment for defendant on special verdict. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant on special verdict.

*Samuel H. Kirkpatrick*, with him *Edgar J. Pershing*, for appellant.—There was not the slightest evidence that Catherine R. Souder was a holder as collateral for antecedent debt or was not a purchaser or mortgagee for value.

The doctrine of collateral security for antecedent debt was wrongly applied to this case: Callendar v. Kelly, 190 Pa. 455; Mellon's App., 32 Pa. 121; Dickerson v. Tillinghast, 4 Paige's Ch. 215; Ashton's App., 73 Pa. 153; Pratt's Appeal, 77 Pa. 378.

The language in the deed is so broad that it cannot fail to include any interest which the defendant had or might subsequently acquire in any lands coming within the description: Brown v. McCormick, 6 Watts, 60; Dentler's App., 23 Pa. 505; Skinner v. Starner, 24 Pa. 123; Banks v. Ammon, 27 Pa. 172; Washabaugh v. Entricken, 34 Pa. 74; Clark v. Martin, 49 Pa. 299.

Anna M. Souder is estopped from claiming under the dec laration of trust in opposition to her grantee : Smilie's Est., 22 Pa. 130 ; Root v. Crock, 7 Pa. 378 ; Couch v. Sutton, 1 Grant, 114 ; McCullough v. Wilson, 21 Pa. 436 ; Brinkerhoff v. Brinkerhoff, 23 N. J. Eq. 477 ; Carpenter v. Carpenter, 25 N. J. Eq. 194.

Adamson took by his purchase all of the estate which Catherine took under the deed of January 24, 1879, and this could not be abridged by any paper recorded after her death by her grantors.

*James E. Hood,* with him *Reginald H. Innes,* for appellee.— We assert that after the deed of trust Benjamin had no estate, legal or equitable, in the premises, but that Anna M. Souder was thereafter vested with the whole title, and that the words of grant which she used in the deed of 1879 were totally inapplicable and inappropriate to pass her estate in this lot. After the declaration of trust, Benjamin K. Souder was divested of all title, legal or equitable, as effectually as if he had directly conveyed to Anna M. Souder. That the statute of uses passes the legal as well as the equitable estate and that a dry trustee has no estate of any kind, is well settled : Vaux v. Parke, 7 W. & S. 19 ; Dodson v. Ball, 60 Pa. 492.

It appears that the plaintiff is now claiming title under one who took title as collateral security for an antecedent debt of Anna M. Souder's husband. It is well settled that such a one is not a purchaser or mortgagee for value : Ashton's Appeal, 73 Pa. 153 ; Pratt's Appeal, 77 Pa. 378 ; Callendar v. Kelly, 190 Pa. 455 ; Mellon's Appeal, 32 Pa. 121 ; Pepper v. Watts, 7 Lanc. Law Rev. 241 ; Dickerson v. Tillinghast, 4 Paige's Ch. 215.

The title of purchasers for value is sustained as against unrecorded instruments by virtue of the recording acts, but volunteers are bound by the actual title of their grantor : Cary v. White, 52 N. Y. 138 ; Howells v. Hettrick, 160 N. Y. 308 (54 N. E. Repr. 677) ; Pancoast v. Duval, 26 N. J. Eq. 445.

OPINION BY MR. JUSTICE BROWN, May 4, 1903 :

The legal title to the real estate in dispute was acquired by Benjamin K. Souder on April 13, 1861. On the same day he

executed a declaration of trust declaring that he held the land in trust for Anna M. Souder, the appellee, as it had been paid for her with her money. He died April 13, 1877, intestate, leaving as his heirs, Joseph W. Souder, the husband of the appellee, and two sisters, Catharine R. Souder and Margaret A. Manderson. The declaration of trust in favor of the appellee was not recorded until October 8, 1894, and the next year Albert B. Parvin, the trustee appointed in the place of Benjamin K. Souder, conveyed the legal title to the premises to the equitable owner. On January 24, 1879, Joseph W. Souder and Anna M., his wife, conveyed unto Catharine R. Souder whatever interest they had in the estate of the said Benjamin K. Souder. The deed was general in its terms, referring to no particular property, but conveying the right, title and interest of the grantors in the lands of Benjamin K. Souder wherever situated. It recites that Benjamin K. Souder, having been seized of certain pieces of real estate, without describing them, situated in the city of Philadelphia, died intestate, unmarried and without issue, leaving to survive him as his only heirs, the said Joseph W. Souder and two sisters, Catharine R. Souder and Margaret A. Manderson, to whom his land descended as tenants in common under the intestate laws of the state. It is manifest that what was conveyed to Catharine R. Souder by this deed was simply the undivided third interest of Joseph W. Souder in whatever real estate the decedent owned at the time of his death. Anna M. Souder had acquired nothing from Benjamin K. Souder under the intestate laws, and she joined in the deed of her husband to his sister, as wives do daily, only for the purpose of passing any inchoate right of dower that she might have had in the land. She conveyed nothing that belonged to her. It is under this deed that the appellant, as the vendee of Catharine R. Souder's administrator, selling what had been conveyed to her by Joseph W. Souder, claims title to the premises in controversy.

To say nothing of the absence of any proof that, by the general terms of the deed of January 24, 1879, it was intended to convey an undivided interest in the property claimed by the appellant, did he acquire any interest in the same? If Benjamin K. Souder was not the owner of the land when he died, Joseph inherited no interest in it as one of his heirs, and con-

sequently conveyed nothing by his deed to Catharine. At the time of his death, these two lots were not of the lands and tenements of Benjamin. He had purchased them with the moneys of his sister-in-law, Anna M. Souder, and had solemnly declared that the title was in him as her trustee. It is true he had not recorded this declaration of trust, and a purchaser from him or from his heirs prior to October 8, 1894, for value, and without notice of the trust, would have acquired title as against Anna M. Souder. But is this appellant, or was Catharine R. Souder, such a purchaser? The deed to the latter, though absolute on its face, was but as collateral security for her brother's antecedent indebtedness to her. She so understood it; for, by her will, she declares that, when he paid her the $7,000 he owed her—the consideration named in the deed—" he is to receive all the papers he gave me as security." The orphans' court found that it was but such collateral, and we approved the finding: Souder's Estate, 169 Pa. 239. The sister, therefore, was not a purchaser for value within the protection of the recording act: Ashton's Appeal, 73 Pa. 153 ; Pratt's Appeal, 77 Pa. 378 ; Callendar v. Kelly, 190 Pa. 455. She parted with nothing to induce her brother to make the conveyance to her. Nothing passed from her to him for it. As additional security to herself, she took only what he had to give, and, as no interest in these lots had ever passed to him as heir of his brother—because the latter had not died seized of them—he, in turn, could convey no interest in them to his sister. If she had been a purchaser from him for value, without notice of an outstanding title in another, his apparent title would have become real in her, to be absolutely protected by the recording act against any unrecorded one.

At the time the plaintiff below acquired the title to the estate upon which he relies for the recovery of at least an undivided third of the land claimed by the appellee, the declaration of trust in her favor had been on record for more than three years, and, when he became the purchaser at the orphans' court sale of what Catharine R. Souder had acquired from Joseph, he could have learned, from an examination of the record, before he made his bid, that the interest which had been conveyed to her was collateral security for a prior indebtedness ; and the deed which he finally accepted, and which he now produces as

the evidence of his title, notified him that the conveyance from Joseph to Catharine " was made to the said Catharine R. Souder as collateral security for the payment of a debt of $7,000 which said Joseph W. Souder owed the said Catharine R. Souder and which was owing to her by him at the time of her decease."

The contention of the appellant is twofold.    To his claim for the whole of the land as the grantee of Anna M. Souder, the answer is that she, by the deed of her husband of January 24, 1879, conveyed nothing that belonged to her; and to his reply, that he ought then to have at least an undivided third, because the declaration of trust was not recorded, the rejoinder is that neither he nor his grantor was a purchaser for value, and he purchased with full notice, not only that Catharine R. Souder had not been a purchaser for value, but that the conveyance to her was but as collateral security.

Judgment affirmed.