## Caponigro et ux. v. Scola et ux.

*G. F. Di Bona*, for plaintiffs.
*Abe J. Goldin*, for defendants.

ALESSANDRONI, J., January 3, 1950.—This is a bill in equity to compel specific performance of a written agreement for the sale of real estate. The bill, as amended by stipulation of counsel, alleges that defendant, Angelo Scola, was the owner in fee of premises situate and known as 1613 South Thirteenth Street, in the City and County of Philadelphia; that on April 6, 1948, he and his wife, defendant, Rose Scola, entered into a written agreement of sale with one Luigia Cupponigeo, wherein it was provided that settlement was to be made on or before July 6, 1948; that the purchaser assigned her interest under the agreement to plaintiffs, her children; that on June 27, 1948, the time for settlement was extended by agreement of the parties for a period of 30 days to August 6, 1948, and defendant Angelo Scola endorsed the agreement of sale in accordance therewith and signed the endorsement; that the purchasers notified the sellers of the time and place of settlement, and subsequently tendered a deed for execution and delivery, and the balance of the unpaid purchase price, at the time and place fixed; that defendants refused to consummate the settlement by executing and delivering the deed, and, finally, that the damages cannot compensate plaintiffs adequately for the breach of contract.

The answer of defendants raises narrow issues of fact and law. It is denied that Rose Scola, wife of the owner, agreed to extend the date of settlement, or authorized anyone to do so on her behalf. It is baldly averred that there has not been compliance with the statute of frauds. It is also denied that defendants were notified of the time and place designated by the purchasers for settlement.

Upon consideration of the pleadings, the admissions contained therein, and the evidence offered in support thereof, the court makes the following

*Findings of Fact*

1. On or about April 6, 1948, defendant, Angelo Scola, was the sole owner in fee of premises situate and known as 1613 South 13th Street, Philadelphia, having acquired title thereto by deed dated November 23, 1916, recorded at Philadelphia in the offices of the recorder of deeds, in deed book J. M. H. no. 165, page 110, etc.

2. On April 6, 1948, Angelo Scola agreed to sell the premises to Luigia Cupponigeo, a widow, for the sum of $9,000, and entered into a written agreement which was executed and delivered by him and his wife, defendant Rose Scola, to that effect, wherein it was provided, inter alia, that settlement was to be made on or before July 6, 1948, which time was "agreed to be the essence of this agreement".

3. On or about June 27, 1948, defendant, Angelo Scola, agreed to extend the time for settlement and endorsed on the agreement of sale the following: "I hereby extend the time limit on the within agreement an additional thirty days, changing the expiration date to August 6, 1948," after which he affixed his signature.

4. The evidence fails to establish that defendant Rose Scola at any time assented to this extension or orally agreed to extend the time for settlement beyond July 6, 1948.

5. A further endorsement appears upon the agreement of sale whereby Luigia Cupponigeo assigned her interest therein as purchaser unto her children, plaintiffs in this action.

6. Plaintiffs arranged to consummate settlement on August 6, 1948, and notified defendants in writing. At the time and place designated, plaintiffs made full and adequate tender and were ready, willing and able to perform.

7. Defendants did not attend the settlement and have refused to execute and deliver the deed conveying the premises to plaintiffs.

8. All of plaintiffs' requests for findings of fact are affirmed, except no. 7, which is refused; no requests have been submitted by defendants.

### Discussion

The issue, presented by the pleadings and evidence, involves a narrow and novel question of law. The few disputed questions of fact have been resolved in the foregoing findings. We are confronted with this problem: where a husband is the registered, real and sole owner of real property and has executed and delivered a written agreement of sale for the same in which his wife has joined, may he alone, without her express agreement, extend the date for settlement for a reasonable time?

At the outset, it is necessary to define legally the nature of his act. There is no question of an intent on his part to defraud his spouse, and beyond peradventure under the circumstances, the extension of 30 days was a reasonable time. Does this extension of time constitute a change of terms, or a modification, or the making of a new agreement? In the recent case of Williams et ux. v. Barbaretta et ux., 359 Pa. 488, 491, 492, Mr. Justice Patterson answered these questions concisely in the following language:

"What is here involved is not a change in terms of an agreement of sale or the making of a new and different contract to convey land, but simply a waiver of strict performance of terms already agreed upon."

Having determined the nature of the act, we must decide whether the husband defendant had the power to effect such a waiver without the consent of his wife. We find no precedent in our independent research and we have not been favored by briefs from either counsel.

This is not a situation involving tenants by the entireties, nor does the evidence raise any question of agency, implied, apparent or in fact.

The husband defendant was the sole owner of this real property. The signature of his wife upon the agreement of sale added nothing to the quality of the estate to be conveyed. On the contrary, her act is more in the nature of the removal of an encumbrance thereon: Tiffany, Law of Real Property, 3d ed., sec. 515. A wife by joining in the deed of her husband merely passes any inchoate right of dower that she might have had in the land, but she conveys nothing that presently belongs to her: Adamson v. Souder, 205 Pa. 498, 502. Her right is contingent and not vested; her interest inchoate and not completed; her estate is not in the land itself, but is merely an encumbrance thereon: Tiffany, Law of Real Property, 3d ed., sec. 533. When she consented to the sale and voluntarily executed and delivered the written agreement, she effectively barred that contingent, inchoate encumbrance and removed herself as a party in interest, as already described. Her execution of the deed at settlement would have been a purely ministerial act and she had nor could have no right to the proceeds of the sale, nor any part thereof. It was therefore a matter of complete indifference, if her husband, the real party in interest, waived strict performance of one of the terms already agreed upon. Her rights were in no way affected, in no way impaired.

If we approach this problem in a different manner, we arrive at the same conclusion. After the agreement of sale had been executed and delivered by defendants, the vendor retained but a bare legal title as security for the payment of the purchase price. The proceeds of the sale were payable to the husband defendant alone. His wife was entitled to no share of it. The waiver of

strict compliance with the terms of the agreement of sale, therefore, could only affect at most that security with which he alone was concerned and in which she had no interest.

We therefore conclude that her approval of, or consent to, strict compliance was unnecessary and immaterial. Plaintiffs are entitled to specific performance of the agreement of sale under the issues raised by the pleadings.

### Conclusions of Law

1. The parties entered into a valid and binding written agreement for the sale of premises known as, and situate at, 1613 South Thirteenth Street, Philadelphia.

2. Defendant, Angelo Scola, the registered, real and sole owner of the premises, waived strict compliance with the terms and provisions of the agreement of sale by extending the time for settlement for 30 days.

3. It was unnecessary for defendant, Rose Scola, to consent to or join in the waiver.

4. Specific performance of the written agreement for the sale of the premises should be decreed; costs to be borne by defendants.

5. Neither plaintiffs nor defendants have submitted requests for conclusions of law.

### Decree Nisi

And now, to wit, January 3, 1950, it is ordered, adjudged and decreed that Angelo Scola and Rose, his wife, shall, and they are hereby directed to execute and deliver unto Jerry Caponigro and Rita Caponigro a good and sufficient deed to premises situate and known as 1613 South Thirteenth Street, Philadelphia, conveying unto them a good and marketable title, free and clear of all encumbrances; costs of this proceeding to be borne by defendants.

The prothonotary is directed to give notice hereof unto the parties or their counsel, and unless exceptions hereto are filed within 10 days thereafter, this decree shall become final and absolute.