# First National Bank of Greencastle *v.* Baer et al., Appellants.

*Promissory notes—Accommodation endorsers—Consideration.*

1. Where persons interested in a corporation endorse a promissory note payable to a bank, to save the company from a receivership, and the proceeds of the note are credited to the company, the endorser cannot claim that the note was without consideration as to them, or successfully defend on the ground that the proceeds were not personally received by them.

2. Such endorsers were accommodation endorsers and were liable, although that fact may have been known by the subsequent holder for value.

3. In such case the fact that the name of the maker was added after the endorsers had signed, was immaterial.

*Banks and banking—Cashier—Promise not to hold endorsers of note liable—Promissory note—Illegal transaction—Deception of bank examiners—Public policy—Evidence—Parol evidence.*

4. The cashier of a bank has no power to bind the bank by a parol agreement not to hold endorsers on a promissory note liable, and to state to them that the note was taken merely to avoid complaint by the bank examiner.

5. Such an agreement, in the absence of fraud in procuring the signatures, could not be proved by parol evidence, inasmuch as the effect thereof would be to destroy the instrument itself.

6. As the liability of the endorsers to the bank was perfectly legal, and as the bank was not required in support of its claim to rely upon the alleged agreement, the illegal supplemental agreement in no way affected the right of the bank to recover.

7. The test, whether a demand connected with an illegal transaction is capable of being enforced at law, is whether the plaintiff requires the aid of the illegal transaction to establish his case. If a plaintiff cannot open his case without showing that he has broken the law, the court will not assist him, whatever his claims in justice may be upon the defendant.

8. If a contract is entirely void by reason of law or public policy, and it would be against interest to recognize the transaction, defendant may set up his own illegal conduct to prevent recovery.

Argued March 5, 1923.   Appeal, No. 8, Jan. T., 1923, by defendants, from judgment of C. P. Franklin Co., April T., 1921, No. 312, on verdict for plaintiff, in case of First National Bank of Greencastle v. Adam Baer et al. Before Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.   Affirmed.

Assumpsit against endorsers on promissory note.   Before Gillan, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,100.   Defendants appealed.

*Errors assigned* were instructions, quoting record,

*J. R. Ruthrauff* and *O. C. Bowers,* with them *W. O. Nicklas,* for appellants.—If the note was procured for the purpose of deceiving the bank examiner, there can be no recovery by plaintiff: Swan v. Scott, 11 S. & R. 155, 164; Evans v. Dravo, 24 Pa. 62; Scott v. Duffy, 14 Pa. 18; Wright v. Pipe Line, 101 Pa. 204; Sauer v. School Dist., 243 Pa. 294, 304; Potamkin v. Wells Fargo & Co., 63 Pa. Superior Ct. 222, 225; Deposit National Bank v. Trust Co., 68 Pa. Superior Ct. 468; Stern & Co. v. Ins. Co., 269 Pa. 559, 563; Ham v. Smith, 87 Pa. 63; Nat. Bank of Oxford v. Kirk, 90 Pa. 49; Bredin's App., 92 Pa. 241; Irvin v. Irvin, 169 Pa. 529; Kuhn v. Buhl, 251 Pa. 348.

The burden was on plaintiff to show that it was a holder for value in due course without notice: Second Nat. Bank of Pittsburgh v. Hoffman, 229 Pa. 429; Bedford v. Stever, 169 Pa. 574.

*Walter K. Sharpe,* with him *W. R. Davison,* for appellee.—The cashier had no authority to make the agreement alleged by defendants: Hackney v. Ins. Co., 4 Pa. 185; Stewart v. Bank, 11 S. & R. 267; Custar v. Gas & Water Co., 63 Pa. 381; Robinson v. R. R., 32 Pa. 334; Mapes v. Bank, 80 Pa. 163; Allen v. Bank, 127 Pa. 51.

To give effect to the alleged agreement between Young, the cashier, and defendants would convert the note into "a scrap of paper." It would destroy the note and render it entirely uncollectable under all circumstances.

Defendants cannot allege their own turpitude as a defense to the note: Sauer v. School Dist., 243 Pa. 294; Stern & Co. v. Ins. Co., 269 Pa. 559; Monongahela Nat. Bank v. Bank, 226 Pa. 270; Com. ex rel. v. Camp, 258 Pa. 548.

The note was endorsed on sufficient consideration and the bank, having discounted it on the faith of defendant's endorsement, is a holder for value.

OPINION BY MR. JUSTICE SADLER, April 9, 1923:

The plaintiff is a national bank, and had amongst its customers the Greencastle Fertilizer & Rendering Company, in which defendants were directors, and also financially interested. Checks of the corporation had been deposited in the former to the amount of $5,700, and credit given, but they were returned protested. With other claims, the total indebtedness had reached $7,000, and this was unsecured. A demand was made for immediate adjustment, and the result was the execution of a note for the sum due, signed by the president and treasurer of the Fertilizer Company, payable to the order of defendants, and endorsed by them, with a waiver of protest and guaranty of payment at maturity. It was discounted, and the entire proceeds, less the amount required to satisfy the claim of the plaintiff, was duly credited to the company. A small part of the principal was subsequently paid.

This suit was brought to recover from the endorsers. They defended on the ground that a promise had been made by the plaintiff's cashier, at the time of signing, that there would be no personal liability, as the paper was taken solely for the purpose of balancing the books, so that complaint from the bank examiner could be avoided. When the trial was had, the note was offered in evidence, and the defendants were then permitted, against objection, to offer proof of their understanding of the transaction. The jury was told, if the agreement testified to had been proven, to find in their favor. A verdict was, however, rendered for plaintiff and judgment entered thereon, and from this action of the learned court below the present appeal arises.

It is first to be noted the defendants were interested in the company for which they endorsed. At the time the note was given it was in financial distress, but had prospects of a sale of its plant, which would furnish relief to those involved. They desired to prevent the institution of any adverse proceedings, and the threatened application

for a receiver,—later appointed,—endangered the possibility of a return on their investment. The obligation was discounted by the bank, and the unpaid checks, for which credit had been given, were lifted. "Every negotiable instrument is deemed, prima facie, to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value": Act May 16, 1901, P. L. 194, article II, section 24. It is not necessary, however, in this case, to rest on any legal presumption, for the testimony clearly indicated the substantial benefit accruing. "An antecedent or preëxisting debt constitutes value" (section 25), and as the defendants gave their note to satisfy the claim of the corporation, to prevent suit, they cannot successfully defend on the ground that the proceeds were not personally received. They were accommodation endorsers, and liable, though this fact may have been known by the subsequent holder for value: Act 1901, supra, article II, section 29. Nor is there force in the assertion, if true, that the name of the maker was added after they had signed: Act 1901, supra, article V, section 63, 66.

The defense interposed at the trial was the alleged declaration of the cashier of the bank that no effort to collect would be made from the endorsers. Without affirmative proof of his authority to so contract, such an agreement was ineffective: Allen v. First Nat. Bank, 127 Pa. 51; State Bank v. Forsyth, 108 Pac. 914, 28 L. R. A. (N. S.) 501, and note. His wrongful act,—and the attempt to deceive a federal bank examiner was a crime under the acts of Congress,—even if proven, would not bind the corporation, unless its board of directors had knowledge of such understanding, and ratified it, and there is no intimation that these conditions existed here.

In permitting evidence of such a promise, we are of opinion a mistake was made, but the one harmed was the appellee, who, of course, does not complain, since the jury found in its favor. Proof of a contemporaneous

parol agreement is not admissible, where its effect is to destroy the instrument itself, though like testimony may be offered to establish the fact that the note was to be paid from some particular fund, or one to be raised by means over which the promisor has control: Second Nat. Bank v. Yeager, 268 Pa. 167. As between an accommodation endorser, and the person for whose benefit the obligation is given, and who is not a holder for value, such a contract may be shown, and that is what was decided in Lackawanna Trust Co. v. Carlucci, 264 Pa. 226 (see also Tasker's Est., 182 Pa. 122), relied on by appellants, where the affidavit of defense, held insufficient, expressly averred these facts. Nor was there any fraud shown here in the securing of the signatures of defendants, thus shifting the burden of proof, as in Second Nat. Bank v. Hoffman, 229 Pa. 429.

Irrespective of the question of the cashier's authority to contract, as here contended, and whether in truth any promise was made by him not to ask the endorsers for payment, no substantial defense was offered. Prima facie, the note was valid, and, to prove its execution, and that a balance remained unsatisfied, the plaintiff was not required to show any unlawful agreement. "The test, whether a demand connected with an illegal transaction is capable of being enforced at law, is whether the plaintiff requires the aid of the illegal transaction, to establish his case. If a plaintiff cannot open his case, without showing that he has broken the law, the court will not assist him, whatever his claims in justice may be upon the defendant": Swan v. Scott, 11 S. & R. 155, 164; Sauer v. School District, 243 Pa. 294; Stern & Co. v. Ins. Co., 269 Pa. 559; Skagit State Bank v. Moody, 150 Pac. 425, L. R. A. 1916A, 1215; First Nat. Bank v. Coal Co., 28 L. R. A. (N. S.) 511; Elmo State Bank v. Hildebrand, 103 Kan. 705, 3 A. L. R. 54. This well-established principle is recognized by the learned counsel for appellants, who, however, urge that the decisions referred to have no application where there is involved a violation of a crimi-

nal statute, when, it is insisted, defendant may set up his own illegal conduct to prevent recovery, and the authorities from Evans v. Dravo, 24 Pa. 62, to Kuhn v. Buhl, 251 Pa. 348, where such suggestion is made, are cited. It is true that, if the contract is by reason of law or public policy entirely void, and it would be against interest to recognize the transaction, the rule referred to will be applied; but the principle cannot be invoked here, where the giving of the note, thus fixing the liability, was perfectly legal, and the illegality appeared solely in the supplemental agreement, which it was contended had been made contemporaneously, and upon the proof of which defendants relied. "The integrity of the established, written contract could not be affected by what, if true, was a collateral undertaking to do an unlawful act......It rested on a perfectly good consideration wholly independent of the merely collateral promise": Irvin v. Irvin, 169 Pa. 529, 547.

We are convinced a correct conclusion was reached below, and, without referring specifically to the assignments of error, the propositions contained therein having been answered by the discussion which precedes, they are all overruled.

The judgment is affirmed.