## Paralka et ux. *v.* Grummel et ux., Appellants.

*Equity —Specific performance —Time of performance —Extension of time—Tenants by entireties—Waiver—Agency—Scope of authority—Husband and wife.*

1. A vendor under an agreement to sell real estate cannot insist upon strict performance of the contract at the time stipulated if he has been the cause of the delay, or is himself in default; and if the tender of performance is made by the vendee within a reasonable time, specific performance will be decreed.

2. Where a husband and wife, tenants by entireties, contract to sell real estate, and the husband directs his wife to make the arrangements for the settlement, waiver of the time of performance is within the scope of the authority entrusted to the wife.

Argued December 4, 1924. Appeal, No. 179, Jan. T., 1925, by defendants, from decree of C. P. No. 4, Phila. Co., March T., 1923, No. 2473, on bill in equity, in case of Joseph Paralka et ux. v. Michael Grummel et ux. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Bill for specific performance. Before AUDENRIED, P. J. The opinion of the Supreme Court states the facts. Decree for plaintiffs. Defendants appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Glenn A. Troutman,* with him *J. Wesley McWilliams* and *Charles S. Wesley,* for appellant.—Specific performance of alleged oral contract cannot be decreed: Williams v. Notopolos, 259 Pa. 469; Hamilton v. Fleck, 249 Pa. 607; Crelier v. Mackey, 243 Pa. 363; Becker v. Building Assn., 239 Pa. 590.

The introduction of oral testimony to vary, change or alter the provisions of a written contract have the effect of reducing the written contract to an oral one: Malone & Son v. R. R., 157 Pa. 430; Vicary v. Moore, 2 Watts 451; Hunter & Springer v. McHose, 100 Pa. 38; Stoddard v. Emery, 128 Pa. 436; Ridgeway Dynamo Co. v. Cement Co., 221 Pa. 160; Otto Gas Engine Works v. Pepper, 228 Pa. 205:

Defendants held premises 3352 Salmon Street as tenants by the entireties. It has always been held requisite to decree specific performance of a contract for the sale of real estate that the parties defendant should have signed an agreement of sale: Fairchild v. Chastelleux, 1 Pa. 176; Beihl v. Martin, 236 Pa. 519; McCurdy & Stevenson v. Canning, 64 Pa. 39; French v. Mehan, 56 Pa. 286.

*Frederick J. Knaus,* with him *John W. Speckman,* for appellees.—Vendors having put it out of their own power

to comply with the terms of the agreement, notwithstanding that time was made of the essence of the contract, appellees are entitled to specific performance: Loughney v. Quigley, 279 Pa. 396; Browne v. Horkstra, 279 Pa. 418.

OPINION BY MR. JUSTICE FRAZER, January 5, 1925:

Defendants, tenants by entireties, entered into an agreement, dated September 26, 1922, to sell to plaintiffs the premises No. 3352 Salmon Street, Philadelphia, the contract providing, inter alia, for performance within ninety days from date, "time to be of the essence of the agreement unless extended by mutual consent, in writing indorsed hereon," possession to be given "at the date of settlement." Settlement was not made within ninety days, and the evidence is conflicting as to what took place between the parties in connection with the extension of the time for closing the transfer; the court below, however, found, and there is ample evidence to sustain such finding, that, on December 18th, Mrs. Grummel, one of the defendants, acting for herself and her husband, called at the office of the real estate broker, agent for plaintiffs, and was informed by him that the tenants in the building had refused to permit the committee of the building and loan association, to whom plaintiffs had applied for a loan, to inspect the premises. In the course of the conversation it was disclosed that defendants had collected rent from the tenants to December 29th, three days after the time originally fixed for settlement, and that no notice had been given to vacate. Inasmuch as this made it impossible for defendants to deliver possession on the 26th of that month, it was mutually agreed that the time for settlement should be postponed until after January 1, 1923. On January 2, 1923, Mrs. Grummel, acting for herself and her husband, called at the broker's office and informed him that as plaintiffs had failed to make settlement for the property within the time stipulated in the agreement, she and her

husband had decided not to carry out its terms. Subsequently, plaintiffs notified defendants that settlement for the property would be made January 9, 1923; defendants, however, failed to appear on that date. Plaintiffs then filed this bill for specific performance and the court below entered a decree in their favor from which defendants appealed.

Under the above facts, as found by the court below, defendants, conceding their inability to give possession at the time required, waived strict performance of the contract by plaintiffs. Defendants cite numerous cases to sustain their contention that as the extension of the time for settlement was not endorsed on the writing and parol evidence being necessary to prove the extension, the admission of such evidence reduced the whole contract to parol and specific performance could not be decreed. The question here involved is not one of a change in the terms of a contract, however, but merely one of waiver by the vendor of strict performance at the time stipulated, by reason of his inability to perform. Conceding plaintiffs were in default in not procuring their mortgage in time, there was also default on part of defendants in not arranging to secure possession of the property from the tenant that delivery of the premises might be made at the time fixed for settlement. This brings the case within the rule that a party cannot insist upon strict performance at the time stipulated if he has been the cause of the delay, or is himself in default, and if a tender of performance is made by the other party within a reasonable time, specific performance will be decreed: Irvin v. Bleakley, 67 Pa. 24, 28; Vankirk v. Patterson, 201 Pa. 90, 95; Loughney v. Quigley, 279 Pa. 396, 400, 401, and cases cited. Here the court below found the extension of time for settlement to January 9, 1923, to be a reasonable period after the agreement of the parties for postponement of the settlement had been agreed upon.

Appellants also question the power of the wife to act for her husband in extending the time for performance. The uncontradicted evidence is that the husband, who worked regularly until late in the evening, left the care and management of the property to his wife, who attended to the leasing and collection of rents from all tenants, and it further appears that he had directed her to make arrangement for settlement in this case. At the trial her husband did not appear and testify and the record discloses no real attempt to deny the wife's authority to act. Under the circumstances, the court below properly concluded the waiver of time of performance was within the scope of the authority entrusted to her.

The decree of the court below is affirmed at appellant's costs.