## Bassetti, Administratrix, v. Talarico et ux.

*S. Halbert,* for plaintiff.

*A. A. Guarino,* for defendants.

FLOOD, J., January 31, 1952.—Plaintiff's intestate contracted to buy from defendants certain premises for $12,400, and made a down payment of $1,000. The agreement was expressly made "contingent upon the purchaser procuring a mortgage loan for $8,400. for 15 years at 5%." The agreement further provided that the contract should be binding upon the heirs, executors, administrators and assigns of the parties thereto. Plaintiff's intestate died shortly after the agreement was signed and his administrator brought this complaint in equity for a return of the $1,000.

The theory of the complaint seems to be that the condition of the contract that a certain mortgage be procured cannot be carried out because of her intestate's death and that plaintiff is therefore entitled to restitution of her $1,000 deposit. Plaintiff alleges, however, only that the deceased has not been able to obtain the mortgage. She ignores the fact that the contract is binding upon her as administrator as well

as upon the heirs, and fails to allege that she or they have also been unable to procure the stipulated mortgage. With the amendment just suggested plaintiff might have a cause of action for restitution at law. See A. L. I. Restatement of the Law of Restitution, §§1, 5. In any event there is no cause of action in equity on these facts:

"Unjust enrichment, per se, is not a basis for equitable jurisdiction. Indeed, the restitution following unjust enrichment is founded upon a promise to repay implied in law as flowing from the person so enriched; upon such a promise an action ex contractu will lie. Equitable relief is available if there be some additional fact present such as a complication of accounts, multiciplicity of action, or otherwise so that the remedy at law will not be full and adequate": Benj. Franklin Fed. S. & L. Assn. v. Superb Realty Co., 53 D. & C. 186 (1945).

There is a suggestion in plaintiff's brief that this is a bill to relieve a forfeiture and that there is thus equitable jurisdiction. An action to relieve against a forfeiture presupposes a plaintiff in default: 26 C. J. 891. See, e.g., Blue Ridge Metal Manufacturing Company v. Northern Pennsylvania Power Company, 327 Pa. 424 (1937). Plaintiff here does not admit to being in default, for she alleged that the happening of the condition subsequent, i.e., the inability of her intestate to secure the stipulated mortgage has relieved him of duties under the contract. If he had no duty under the contract, she as administratrix cannot be in default.

Plaintiff's manifold requests for injunctions and cancellations do not confer equity jurisdiction because they are all directed at acts which have no legal significance. Equity will not require a useless act: Williams et ux. v. Barbaretta et ux., 359 Pa. 488 (1948).

## Decree

The preliminary objections are sustained and the case is remanded to the law side of the court with leave to plaintiff to file an amended complaint in assumpsit within 20 days.