## Ladley v. Ladley et al.

*George E. Kearns, Jr.*, for plaintiff.

*John V. Diggins* and *Guy C. deFuria*, for defendants.

ERVIN, P. J., May 7, 1953.—This is a bill in equity by the widow of William Ladley to establish a dower interest in certain real estate conveyed by him to individual defendants prior to his decease. . . .

There is only one question in the case and that is a question of law. On June 1, 1946 William Ladley, then a widower, agreed to sell to his son, David Ladley, a property in this county. An agreement of sale in the usual form was signed by the parties, which provided, inter alia, for the "faithful performance of the above agreement within ninety (90) days from the date

hereof, such time to be the essence of this agreement, unless extended by mutual consent in writing endorsed hereon." The agreement was not performed within 90 days and no written extension of time was endorsed on the agreement. However, the agreement was fully performed within three months thereafter. During the 90-day period William Ladley married plaintiff in this case. He did not reveal his marriage to defendants prior to or at settlement. Naturally, plaintiff did not join in the deed of conveyance. William Ladley died five years after the transfer, leaving to survive him plaintiff, David Ladley, one of the defendants, and four other children. Plaintiff admits that had the conveyance been completed within the 90-day period provided for in the agreement of sale, she would have had no dower interest in the property. This is a correct statement of the law. See Detwiler et al. v. Capone et ux., 357 Pa. 495; Green v. Green, 31 Del. Co. 538. This is because the law recognizes that the execution of an agreement of sale creates an equitable conversion and the vendor is considered as the trustee of the legal title for the benefit of the purchaser. Plaintiff argues, however, that since the agreement of sale provided that time was of the essence of the agreement and since such time was not extended in writing endorsed upon the agreement at the expiration of that time, the law created a reconversion, thereby investing her, who had married plaintiff in the meantime, with a dower interest in the property which could not be lost without her joining in the conveyance. We cannot agree with this argument. It is true that upon the expiration of the 90-day period neither party could have compelled specific performance of the agreement. However, they were perfectly capable of waiving the provisions. The contract did not become void but at most only voidable. In dealing with a similar situation

it was said in Williams et ux. v. Barbaretta et ux., 359 Pa. 488, 491:

"What is here involved is not a change in terms of an agreement of sale or the making of a new and different contract to convey land, but simply a waiver of strict performance of terms already agreed upon."

See also Paralka et ux. v. Grummel et ux., 282 Pa. 235. In the present case both the vendor and vendee waived their rights by completing the settlement without objection.

Plaintiff makes the further contention, however, that even assuming that the husband had the right to waive the time for settlement, he had no right to waive plaintiff's interest, which she contends had already attached. Again we disagree. It was held in Cancilla v. Bondy et al., 353 Pa. 249:

"While a wife's dower right is sui generia, and in some aspects may be regarded as paramount to the title of her husband, it is, in its origin and essence, an interest derivative from him, for it results only from the marital status and from his ownership of the property; she has no right independently of her husband's title."

It follows that plaintiff had no right in the property and her bill must be dismissed.

### Conclusions of Law

1. Where, prior to his marriage, a man enters into an agreement to sell real property owned by him, the woman who becomes his wife acquires no interest in it by virtue of her marital status, even though the agreement of sale provides for performance thereof within 90 days, said time to be the essence thereof, unless extended by mutual consent in writing endorsed upon the agreement, where strict performance within the time was mutually waived by the vendor and vendee and the settlement completed within a reasonable time thereafter.

2. Plaintiff has not established any cause of action or right of relief against any of the defendants.

3. The complaint of plaintiff must be dismissed.

### Decree Nisi

And now, to wit, May 7, 1953, it is ordered, adjudged and decreed:

1. The complaint of plaintiff, Edith G. Ladley, against defendants, David Ladley and Jeanne E. Ladley, owners, and Delaware County Trust Company, mortgagee, in the above-entitled case be and the same is hereby dismissed.

2. Plaintiff shall pay the costs.

### Order

The prothonotary is directed to give notice immediately to the parties or their attorneys of record of the filing of the above decree nisi and, if no exceptions be filed thereto within 20 days after the service of such notice, to enter the decree nisi as a final decree.