## Stevens Estate

*James A. Oliver*, for accountant.

*William A. Garvey*, for widow.

*William M. Murphy*, for Ethel Stevens.

BRADY, P. J., July 14, 1958.— . . . The petition for distribution filed raises the following question:

"(g) Whether transfer of funds in joint account in names of husband and wife was impressed with a trust in favor of surviving wife, thus making all funds her property and not that of the estate of decedent."

The issue is based upon these allegations:

A savings account was opened by George Stevens, decedent, in the West Side Bank of Scranton on March 21, 1934, and on September 24, 1951, this savings account was changed from the name of George Stevens to the names of George Stevens or Bertha Stevens, his wife, as tenants by the entireties. The signature card was signed by both George Stevens and Bertha Stevens and the account remained an estate by the entireties until January 29, 1957, when George Stevens had the account changed to his name alone. Bertha Stevens did not consent to this act, nor did she have any knowledge of it. George Stevens died February 4, 1957.

Subsequently, on February 28, 1957, the savings account was closed and an account was opened in the name of the George Stevens Estate. On January 29, 1957, when the tenancy by the entireties was closed and an account in the name of George Stevens was opened, the sum of $1,867.13 was withdrawn by him from said account and deposited in the name of George Stevens alone. It is alleged that some of the funds of Bertha Stevens were deposited in the entireties account.

Basic concepts of entireties: The agency of one spouse to act in behalf of both is not to be inferred

from the mere fact of the marital relation and the ownership of property by the entireties. But while this is true, the above statement is subject to the qualification that each spouse does have the implied authority to do any act reasonably incidental to the protection and preservation of the common property for the benefit of both. The Supreme Court has further said on this point: "Either spouse presumptively has the power to act for both, so long as the marriage subsists in matters of entireties, without any specific authorization, provided the fruits or proceeds of such action inures to the benefit of both and the estate is not terminated. But neither may by such action destroy the true purpose of the estate by attempting to convert it or part of it, in bad faith, into one of severalty": Madden v. Gosztonyi Savings & Trust Company, 331 Pa. 476; Williams v. Barbaretta, 359 Pa. 488.

The question for determination by this court is whether an estate by the entireties may be terminated by the husband by striking his wife's name from the savings account, and whether Bertha Stevens, widow of George Stevens, is entitled to the sum of $1,867.13 which was in the fund held by the entireties at the time he withdrew it, which the widow now claims as hers.

When the husband changed his savings account to his name "or" that of his wife, an estate by the entirety was created: Wilbur Trust Company v. Knadler, 322 Pa. 17; Madden v. Gosztonyi Savings & Trust Company, supra; Berkowitz's Estate (No. 1), 344 Pa. 481.

An estate by the entirety is a form of coöwnership in real and personal property held by a husband and wife with right of survivorship. Its essential characteristic is that each spouse is seized per tout et non per my, i.e., of the whole or the entirety and not of a share, moiety or divisible part: Gasner v. Pierce, 286 Pa. 529; Porobenski v. American Alliance Insurance

Company, 317 Pa. 410; Madden v. Gosztonyi Savings & Trust Company, supra; C. I. T. Corporation v. Flint, 333 Pa. 350.

It is well established that an estate by the entirety may only be destroyed or terminated by the joint acts of husband and wife, and not by the act of one of them: Thees v. Prudential Insurance Company, 325 Pa. 465; Madden v. Gosztonyi Savings & Trust Company, supra.

When the husband created the estate by the entirety, he was without power to destroy and terminate it by merely causing his wife's name to be stricken from the account. There is no evidence of the knowledge or consent of the wife concerning her husband's act.

"A wife cannot divest her husband's interest in an estate in personal property, held by the husband and wife as tenants by entireties, without his consent.

"A wife, being a tenant by entireties with her husband of personal property, converted securities so held to her own use. She died leaving her husband surviving. Held, overruling exceptions to an auditor's report, that the funds were in her estate which was liable to her husband for the whole of the estate held by the entireties": Shermet v. Keim, 32 Dauph. 88.

We conclude, and so find, that the claim of Bertha Stevens to the sum of $1,867.13 out of the estate of her deceased husband, George Stevens, is a just claim and it is hereby allowed. However, medical, hospital and funeral expenses are allowed, since claimant spouse would be legally responsible for these expenses. Furthermore, decedent died February 4, 1957, and the claim was not made by the surviving spouse until October 24, 1957. The delay in bringing her claim to the attention of the executor caused the executor to incur administration expenses and attorney's and executor's services. We feel, since there are no assets to cover these expenses, that claimant should be charged with a portion thereof. . . .