601 A.2d 453

**Russell J. HOLDEN and Judith E. Holden, his wife, Appellants,**

**v.**

**Donald D. KAY and Arlyne M. Kay, his wife, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1991.

Decided Dec. 20, 1991.

Bruno A. Muscatello, for appellants.

No appearance for appellees.

Before McGINLEY and SMITH, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Russell J. and Judith E. Holden (the Holdens) appeal from an order of the Court of Common Pleas of Lawrence County which makes final a decree nisi which granted the petition of Donald D. and Arlyne Kay (the Kays) for specific performance of a contract for the sale of land.[1] The following facts are undisputed. The Kays sold a parcel of land approximately ten acres in size to the Holdens and leased back a smaller portion of the land sold. (Notes of Testimony [N.T.], 11/13/89, pp. 23, 25–26). The lease contained an option for Kathy R. Becker, The Kays' granddaughter, to buy the leased portion of the parcel. (N.T., p. 4). The terms of the option allowed Becker to exercise it in favor of the Kays. (N.T., p. 7). Becker exercised the option and assigned it the Kays. (N.T., pp. 7–8). The Holdens refused to convey the leased portion and the petition for specific performance followed. (N.T., p. 11).

There is no dispute that the sale of the leased portion will result in a subdivision of the parcel. The Holdens allege that, under the Pennsylvania Municipal Planning Code and a local Neshannock Township Ordinance, this subdivision must be approved by the appropriate Township authorities. The Holdens also claim that this subdivision cannot be

---

1. This appeal was transferred from the Superior Court. Because this case involves the application and interpretation of a local ordinance this Court has jurisdiction pursuant to 42 Pa.C.S. § 762(a)(4)(i)(B).

approved because the land is located in a flood plain. The trial court granted the petition for specific performance, holding that the statute and the ordinance could only restrict the use of the land, not its alienability. (Trial Court Opinion at 3).

On appeal, the Holdens argue that the order is erroneous because it compels them to perform an illegal transaction. They correctly note that an action for specific performance will not lie if the underlying contract requires the performance of an illegal act. The Holdens also contend that the trial court erred in refusing to allow testimony regarding a previously denied application for the proposed subdivision. We find merit in the Holdens' arguments, vacate and remand for further proceedings.

Our scope of review on appeal from a final decree is well settled.

> ... the findings of the Chancellor will not be reversed unless it appears that he has clearly abused his discretion or committed an error of law....Where a reading of the record reasonably can be said to reflect the conclusions reached by the Chancellor, a reviewing court may not substitute its judgement for that of the Chancellor. A reviewing court, however, is not bound by findings which are without support in the record or have merely been derived from other facts.

*Rusiski v. Pribonic*, 511 Pa. 383, 389–90, 515 A.2d 507, 510 (1986), *quoting, Frowen v. Blank*, 493 Pa. 137, 142, 425 A.2d 412, 415 (1981).

 It is also well settled that a court will not order specific performance of a contractual obligation to perform an illegal transaction. *Holst v. Butler*, 379 Pa. 124, 108 A.2d 740 (1954). A vendor of land, however, may not avoid an otherwise legal transaction where the illegality of performance is caused by the vendor's failure to obtain approval of a proposed subdivision. *Messina v. Silberstein*, 364 Pa.Super.Ct. 586, 528 A.2d 959 (1987), *petition for allowance of appeal denied*, 518 Pa. 619, 541 A.2d 746 (1988).

The Holdens correctly note that the proposed sale of the leased portion is a subdivision of the larger parcel of land under both state statute and local ordinance. A subdivision is defined as:

> ... the division or redivision of a lot, tract or parcel of land by any means into two or more lots, tracts, parcels or other divisions of land including changes in existing lot lines for the purpose, whether immediate or future, of lease, partition by the court for distribution to heirs or devisees, transfer of ownership or building or lot development: Provided, however, That the subdivision by lease of land for agricultural purposes into parcels of more than ten acres, not involving any new street or easement of access or any residential dwelling, shall be exempted.

Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10107. The local ordinance employs the same language to define a subdivision with additions not relevant here. Neshannock Township, Pa., Subdivision and Land Development Ordinance, Ordinance 1969–2, Art. II, § 200, December 10, 1969, *as amended by* Ordinance 1987–3, July 10, 1987.

The Municipalities Planning Code also prohibits the subdivision of a parcel of land where a municipality has enacted a subdivision ordinance unless the proposed subdivision complies with the local ordinance. Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10507. Neshannock Township has such a subdivision ordinance. "No lot in a subdivision or land development may be sold, no permit to erect, alter or repair any building upon land in subdivision or land development, unless and until a plan of such subdivision or land development shall have been approved and properly recorded. Neshannock Township, Pa., Subdivision and Land Development Ordinance, Ordinance 1969–2, Art. VII, § 702, December 10, 1969. Any person who sells land in a subdivision without proper approval is guilty of a misdemeanor. Neshannock Township, Pa., Subdivision and Land Development

Ordinance, Ordinance 1969–2, Art. VIII, § 800, December 10, 1969, *as amended by* Resolution of May 16, 1980.

 Although the trial court recognized that the proposed transaction was subject to these statutory provisions and local ordinances it granted specific performance, and held that enforcement of the prohibition on alienation of the leased portion without approval of the subdivision would constitute an unconstitutional taking of property without compensation. We disagree. The ordinance at issue does not prevent alienation of the parcel or any portion thereof under all circumstances. It does make it illegal to subdivide the parcel without approval. The subdivision ordinance is not unconstitutional if it is necessary for the preservation of the health, safety or general welfare of the community. *Exton Quarries, Inc. v. Zoning Board of Adjustment,* 425 Pa. 43, 228 A.2d 169 (1967). Zoning ordinances carry a heavy presumption of constitutional validity. *Guadenzia, Inc. v. Zoning Board of Adjustment,* 4 Pa.Cmwlth.Ct. 355, 287 A.2d 698 (1972). If subdivision of this parcel were denied for reasons unrelated to a valid exercise of the police power, an unconstitutional taking *might* occur; a court should not grant specific performance of a contract to perform an illegal transaction based upon speculation that administrative authorities might act in an unconstitutional manner when enforcing local ordinances.

 The Holdens contend that the trial court's order requires them to commit a misdemeanor by subdividing the parcel without approval by the appropriate authorities. We agree. We do not agree, however, with the Holdens' conclusion that this state of affairs requires that the petition for specific enforcement be denied. *Messina* is clear that a court may enter an order requiring specific performance of a contract to sell land pending approval of a required subdivision. *Messina,* 364 Pa.Super.Ct. at 591, 528 A.2d at 961. Thus, if a subdivision is possible, the relief requested can be granted.

The Holdens also argue that it was error for the trial court to exclude testimony that a previous application for subdivision of the parcel had been denied because it lies in a flood plain. The subdivision ordinance prohibits residential use of land located in a flood plain. Neshannock Township, Pa., Subdivision and Land Development Ordinance, Ordinance 1969–2, Art. III, § 302(1)(e)(2). The excluded evidence is crucial to the proper determination of this case. If no subdivision of this parcel is possible, the petition for specific performance must be denied. Our courts will not order specific performance of a contract to perform an illegal act; the parties to such a contract will be left where the court finds them. *Holst*, 379 Pa. at 131, 108 A.2d at 743. If, however, subdivision of the parcel is possible the Holdens will not be permitted to avoid their contractual obligation by refusing to obtain a subdivision. *Messina*.

Accordingly, we vacate the trial court's final decree which granted specific performance and remand for a determination of whether it is possible to subdivide the parcel as contemplated in the lease and purchase option.

### ORDER

NOW, December 20, 1991, the order of the Court of Common Pleas of Lawrence County, at Civil Action—Equity, 102–1988, is vacated. This case is remanded for proceedings in accordance with the above opinion.

Jurisdiction relinquished.