## DuBois Dutch LLC v. Sandy Township Board of Supervisors

C.P. of Clearfield County, no. 05-1983-CD.

*Anthony Guido,* for appellant.
*Tony Cherry,* for appellee.
*Gregory Kruk,* for intervening appellee.

AMMERMAN, *P.J.,* February 23, 2007—Intervening appellee, John A. Guido, purchased a 3.37 acre parcel of ground located along Route 219 North in Sandy Township, Clearfield County, Pennsylvania, from Phillip J. Dieringer and Sherry S. Dieringer by deed dated December 19, 1986, and recorded in the offices of the Register and Recorder of Deeds of Clearfield County, Pennsylvania, in deed book vol. 1130, page 150. (Appellant's exhibit 1b, p. 286a.) The transfer was subject to a certain ease between Phillip J. Dieringer, as lessor and Harley Hotels Inc., as lessee, dated July 7, 1982, memorandum of which was recorded in the office of the Recorder of Deeds of Clearfield County, Pennsylvania, in deed book no. 843, page 79. (Appellant's exhibit 1b, pp. 287a, 297a-323a.)

At the time of Guido's purchase, Harley Hotels Inc. was operating a Dutch Pantry restaurant on 2,605 acres of the 3.37 acre parcel while the Dieringers operated a gasoline service station on the remaining acreage. The 1982 lease also gave Harley Hotels Inc., an option to purchase the 2.605 acre restaurant parcel before the expiration of the 1982 lease scheduled for February 29, 1999. (Appellant's exhibit 1b, 305a, paragraph 9.)

A building permit for the restaurant had actually been issued to Hospitality Motor Inns Inc., predecessor in title to Harley Hotels Inc., on October 28, 1970, by Sandy Township. (Appellant's exhibit 1b, p. 327a.) Hospitality Motor Inns Inc. then had to construct its own sanitary sewer plant (appellant's exhibit 1b, p. 342a) before constructing the restaurant which it completed in 1971.

Harley Hotels Inc. sold the Dutch Pantry restaurant to appellant, DuBois Dutch LLC. By assignment and assumption of lease dated July 5, 1998, and recorded in the offices of the Register and Recorder of Deeds of Clearfield County, Pennsylvania, in deed book vol. 1951, page 453, assigned all of its right, title and interest in the lease and option to DuBois Dutch LLC. (Appellant's exhibit 1b, pp. 329a-330a.)

By letter dated July 6, 1998, addressed to both Harley Hotels Inc. and DuBois Dutch LLC, John A. Guido consented to the assignment of the lease to DuBois Dutch and specifically acknowledged that DuBois Dutch would have all of the rights and privileges under the lease. This included the right to exercise the purchase option for the property upon which the Dutch Pantry restaurant was located. (Appellant's exhibit 1b, p. 290a.)

On June 19, 1996, before DuBois Dutch acquired the restaurant parcel and before the 1982 lease's expiration, Sandy Township repealed its 1964 zoning ordinance which applied when the 1982 lease and option were executed and adopted a new zoning ordinance which required a minimum lot size of 45,000 square feet in the C-H-Commercial-Highway District, the zoning district

where the subject property is located. The DuBois Dutch parcel met the new lot size requirements but the piece remaining to Guido did not since it totaled only 32,910 square feet. (See survey map, appellant's exhibit 2.) Both parcels met the minimum lot size requirement set forth in the 1964 zoning ordinance.

On November 16, 1998, DuBois Dutch gave notice to Guido that it was exercising its option to purchase the subject premises pursuant to the terms of paragraph 9 of the June 16, 1982 lease. (Appellant's exhibit 1b, p. 331a.) Immediately thereafter, Guido responded that he would not agree to a subdivision and refused to convey the restaurant parcel to DuBois Dutch on the basis that he would be left with an undersized lot that he felt would be commercially useless.

On November 28, 1998, DuBois Dutch sought formal subdivision approval from the Sandy Township Planning Commission. Guido appeared and objected to the grant of such subdivision approval and, accordingly, the Planning Commission recommended rejection of the subdivision request. DuBois Dutch thereafter withdrew its request and on February 12, 1999 filed a complaint in specific performance against Guido before the Court of Common Pleas of Clearfield County to no. 99-160 C.D. This action requested the court to order Guido to secure subdivision approval from Sandy Township; release the 2.605 acres from a lien of mortgage held by S&T Bank and direct that Guido be made to convey the premises that were the subject of the option. As a defense to the specific performance action, Guido asserted that he could not perform because subdivision of the property would violate the lot size requirements of the 1996 zoning ordinance.

Guido thereafter filed an ejectment action to no 99-263 C.D. on March 10, 1999, seeking possession of the restaurant parcel free of any claim by DuBois Dutch on the basis that the lease between the parties had expired on February 29, 1999, and could not be renewed and DuBois Dutch was holding over illegally. The complaint filed in that case made no mention of the fact that DuBois Dutch had exercised its option to purchase the property on November 16, 1998, prior to the expiration of the lease and that John A. Guido had refused to cooperate with DuBois Dutch in securing a subdivision and was refusing to convey the premises. DuBois Dutch filed preliminary objections to that ejectment complaint, raising the pendency of the prior action for specific performance filed on February 12, 1999, to no. 99-160 C.D., and Guido's answer, new matter and counterclaim thereto raising a claim for ejectment.

On May 17, 1999, following argument, then Clearfield County President Judge John K. Reilly, Jr.[1] stayed both actions pending a decision by the Sandy Township Board of Supervisors. The court directed DuBois Dutch to apply once again to the Township for subdivision approval on the basis that the lot of John A. Guido was a nonconforming lot that was divided prior to the enactment of the 1996 ordinance.

Pursuant to the trial court's direction, DuBois Dutch filed for subdivision approval with Sandy Township on the basis of two arguments. First, that the 1982 lease and option effected a per se lawful subdivision at its incep-

---

1. Judge Reilly assumed senior status in January 2004.

tion; or secondly, that once DuBois Dutch exercised the option, its ownership interest reverted back to 1982, making the property held in separate ownership by the two entities at that time and since both lots would lave been lawful under the terms of the 1964 ordinance in effect in 1982, Guido's lot should be allowed to continue as a nonconforming lot allowable under the 1996 ordinance. The Board of Supervisors of Sandy Township agreed that the Township had always recognized the property as two separate parcels and had always treated the property as two separate parcels (appellant's exhibit 1a, p. 6) and did unanimously grant subdivision approval.

On August 3, 1999, Guido filed an appeal from the Township's grant of subdivision approval to no. 99-867 C.D., and on June 13, 2000, the trial court held a de novo hearing. President Judge Reilly held that the creation of the 1982 lease and option and the exercise of the option by DuBois Dutch constituted a subdivision of the property under the Municipalities Planning Code (MPC) as of the date of the June 16, 1982 lease granting the option. The trial court found that when DuBois Dutch exercised its option to purchase the property, its equitable title related back to the date of the creation of the option. Consequently, the trial court found that the minimum lot size requirements contained in the 1964 subdivision ordinance governed and that DuBois Dutch's request for subdivision approval was a tacit request for modification of the requirements of the 1996 zoning ordinance.

The trial court further found that the Guido lot was a nonconforming lot under the 1996 zoning ordinance and

not subject to the minimum lot size requirements imposed by that ordinance. The court entered an order approving the subdivision application of DuBois Dutch and Guido timely appealed that decision to the Commonwealth Court.

By a two to one vote, the Commonwealth Court found that a leasehold interest coupled with an option to purchase does not create a legal subdivision of the property and, therefore, DuBois Dutch could not "lock-in" the gas station parcel as a pre-existing nonconforming lot by exercising its option to purchase a portion of the property after the 1996 zoning ordinance took effect. The majority found that no legal subdivision had taken place prior to the enactment of the 1996 ordinance because no formal request for subdivision approval had been made by either party prior to the effective date of the ordinance. Therefore, the only remedy available to DuBois Dutch was a request for modification of the provisions of the 1996 ordinance that could not be met by the Guido lot. Because section 512 of the MPC requires that modification requests be in writing and DuBois Dutch had failed to make the required written request for modification, the Commonwealth Court found that the trial court erred in approving the subdivision application and reversed the trial court.

DuBois Dutch filed a petition for reargument which the Commonwealth Court denied. On January 2, 2003, DuBois Dutch filed a timely petition for allowance of appeal to the Supreme Court of Pennsylvania and by order dated August 27, 2003, the Supreme Court granted the appeal limited to the following issue:

"[W]hether a leasehold interest in a parcel of land coupled with an option to purchase such land creates a property interest in the lessee-optionee sufficient to support a legally recognized subdivision of the property either at the time the lease and option were simultaneously executed or when the purchase option was exercised." *Guido v. Township of Sandy,* 584 Pa. 93, 100, 880 A.2d 1220, 1221 (2005).

In its decision in *Guido v. Township of Sandy,* the Supreme Court noted "that Dubois [sic] Dutch's status as optionee in the Restaurant Parcel conferred upon it a 'substantial interest in the land' that, upon exercise of the option, made it owner ab initio of the Restaurant Parcel." 584 Pa. at 101, 880 A.2d at 1225. "Accordingly, Dubois [sic] Dutch's equitable title reverted, upon exercise of the option, back to the date of formation of the 1982 lease and option conferring title upon Dubois [sic] Dutch effective June 16, 1982." 584 Pa. at 102, 880 A.2d at 1225. Thus, the Supreme Court concluded that the property was divided-in-fact as of 1982 (584 Pa. at 103, 880 A.2d at 1226) but declared that this division-in-fact does not impel governmentally sanctioned subdivision. Because no formal request had been made prior to the time that the 1996 ordinance took effect, the requirements of that ordinance had to be met or else a written request for modification had to be made. 584 Pa. at 108, 880 A.2d at 1229. The Supreme Court then "[left] the parties with the opportunity to seek further relief pursuant to the modification procedure established by the MPC and Sandy Township and/or to complete the underlying litigation seeking specific performance, consistently with

[the Supreme Court's] decision." 584 Pa. at 108, 880 A.2d at 1229.

Pursuant to the Pennsylvania Supreme Court's suggestion, DuBois Dutch filed a written request for modification of the "minimum lot requirements" of the Sandy Township ordinance and requested the Township's formal subdivision approval of the restaurant parcel and the gas station parcel that had already been divided-in-fact by the parties as of 1982 through the exercise of the option. Guido filed an objection to those requests and also filed his own subdivision request based on a re-drawing of the boundary lines between the restaurant parcel and the gas station parcel. This re-drawing was accomplished by taking some of the land belonging to DuBois Dutch and grafting it onto the Guido parcel in an attempt to have the Guido parcel meet the minimum lot size requirement. The Township denied the request for modification and subdivision approval presented by DuBois Dutch and approved the Guido request for subdivision on November 21, 2005. DuBois Dutch timely filed a notice of appeal from those decisions to the above-captioned term and number requesting the court of common pleas to overturn both, take testimony in the case, approve the request for modification and grant subdivision approval to DuBois Dutch.

Guido, as titled landowner, filed a notice to intervene as allowed by section 004-A of the MPC (53 P.S. §11004-A). Thereafter, Guido filed a (second)[2] motion to dismiss claiming that the court lacked jurisdiction to hear an appeal from the Township supervisors' refusal to grant

---

2. Guido had voluntarily withdrawn his first motion to dismiss.

DuBois Dutch's modification request on the grounds that the request for modification was actually a request for a variance. Guido claimed that because variances can only be granted by the Zoning Hearing Board, the Board of Supervisors had no right to entertain the request and as such the court cannot hear an appeal from their decision. Argument was heard on the motion on May 3, 2006, and an opinion and order was issued on June 21, 2006 denying the motion to dismiss.

A hearing de novo on request of DuBois Dutch for modification and subdivision approval as well as its objections to the grant of the Guido subdivision was held on October 3, 2006. DuBois Dutch presented evidence and exhibits. Guido presented no evidence, and the record was closed after the court incorporated as part of the record the reproduced record sent to the Supreme Court and the record made at no. 99-867 C.D.

Whether to allow the presentation of additional evidence in a land use appeal is a matter within the discretion of the trial court. *Crystal Forest Associate, LP v. Buckingham Township Supervisors,* 872 A.2d 206 (Pa. Commw. 2005), *reargument denied.* Where, as in the instant case, the trial court takes additional evidence because no record was made before the Township supervisors, the trial court must determine the case de novo, making its own findings of fact based on the record. (*Mitchell v. Zoning Hearing Board of the Borough of Mount Penn,* 838 A.2d 819 (Pa. Commw. 2003), *reargument denied.*) "In a land use appeal, the court shall have power to declare any ordinance or map invalid and set aside or modify any action, decision or order of the governing body, agency or officer of the municipality brought

up on appeal." Section 006-A(a) of the MPC, 53 P.S. §11006-A(a).

The issues in the case are as follows:

(I) Whether appellant is entitled to the grant of its request for modification and approval of a subdivision based on the division-in-fact of the parcels as a result of its exercise of the option.

(II) Whether appellant is entitled to have the subdivision request of Guido denied.

Section 512.1 of the Pennsylvania Municipalities Planning Code authorizes the governing body of a municipality to grant a modification of the requirements of one or more of the provisions of its Subdivision and Land Development Ordinance if the "literal enforcement will exact undue hardship because of the peculiar conditions pertaining to the land in question, provided that such modification will not be contrary to the public interest and that the purpose and intent of the ordinance is observed." 53 P.S. §10512.1. That same section of the MPC requires that the request for modification be in writing and accompany and be part of the application for subdivision and that the request set forth "the grounds and facts of unreasonableness or hardship on which the request is based, the provision or provisions of the ordinance involved and the minimum modification necessary . . . ." 53 P.S. §10512.1(b).

Section 1004 of Sandy Township's Subdivision and Land Development Ordinance adopts the language of section 512.1 of the MPC to authorize the Board of Township Supervisors to grant a modification of the requirements of one or more subdivisions of the Subdi-

vision and Land Development Ordinance if the literal enforcement will exact undue hardship because of peculiar conditions pertaining to the land in question. (Appellant's exhibit 4, section 1004, p. 57.)

In the case at hand, appellant duly requested in writing that the requirement of section 611 of the Sandy Township Subdivision and Land Development Ordinance requiring that lots comply with the minimum requirements of the Sandy Township Zoning Ordinance be waived and the minimum lot size and setbacks be modified to comport with the lot sizes and side yard setbacks currently in existence for both lots. That request was denied by the Township Board of Supervisors. The board, through its attorney, admitted on the record that the request for modification would have been granted had Guido, as the record owner of the land, consented to the same. However, because he would not agree to the grant of the modification request, the request was denied and subdivision approval in accordance with the modification was also denied. This court does not believe that Guido's objections to the modification request are controlling as to whether modification should be granted.

Guido is a vendor who does not wish to honor his obligations under the terms of a contract of sale. However, our appellate courts have held that a vendor cannot avoid an otherwise legal transaction where the illegality of performance is caused by the vendor's failure to obtain approval of a proposed subdivision. *Holden v. Kay,* 144 Pa. Commw. 254, 601 A.2d 453 (1991); *Messina v. Silberstein,* 364 Pa. Super. 586, 528 A.2d 959 (1987), *petition for allowance of appeal denied,* 518 Pa. 619, 541 A.2d 746 (1988).

The Supreme Court of Pennsylvania has previously declared "that Dubois [sic] Dutch's status as optionee in the Restaurant Parcel conferred upon it a 'substantial interest in the land' that, upon exercise of the option, made it owner ab initio of the Restaurant Parcel." *Guido v. Township of Sandy,* 584 Pa. 93, 101, 880 A.2d 1220, 1225 (2005). "Accordingly, Dubois [sic] Dutch's equitable title reverted, upon exercise of the option, back to the date of formation of the 1982 lease and option conferring title upon Dubois [sic] Dutch effective June 16, 1982," 584 Pa. at 102, 880 A.2d at 1225.

The Supreme Court concluded that:

"[W]hen Dubois [sic] Dutch attempted to exercise the option in 1998, Pennsylvania law related the transaction back to 1982 and recognized it as a conveyance, as of 1982, of the Restaurant Parcel. Thus, logic dictates that the property must have been divided-in-fact as of the effective date of that sale." 584 Pa. at 104, 880 A.2d at 1226.

"However, just as the exercise of the option passed equitable title to the optionee effective as of the date of the inception of the option, so *must* it have effectuated division-in-fact of the property without which the idea that equitable title was then conveyed would be incoherent." 584 Pa. at 104-105, 880 A.2d at 1227. (emphasis in original)

Thus, the "peculiar conditions" of the land in question that make it unreasonable and a hardship for the requirements of the 1997 Subdivision Ordinance to be literally enforced have been at least recognized by the Supreme Court of Pennsylvania. This property has already been

divided-in-fact by the parties themselves and that division dates back to 1982 by finding of the Supreme Court. DuBois Dutch is the equitable owner of the 2.605 acre restaurant parcel and John Guido holds that property in trust for DuBois Dutch. 584 Pa. at 103, 880 A.2d at 1226.

The Pennsylvania Municipalities Planning Code defines a "landowner" as:

"The legal or beneficial owner or owners of land including the holder of an option or contract to purchase (whether or not such option or contract is subject to any condition), a lessee if he is authorized under the lease to exercise the rights of the landowner, or other person having a proprietary interest in land."

DuBois Dutch as the beneficial owner or optionee became a landowner under the Municipalities Planning Code and acquired its proprietary interest in the land as a result a contract with the optionor, John Guido.

Guido contends in his brief that *In re Michener Appeal,* 382 Pa. 401, 115 A.2d 367 (1955) warrants the disregarding of the option agreement and the property rights created in DuBois Dutch as a result of that option agreement by contending that the private contract between DuBois Dutch and Guido should not enter into the enforcement by a municipality of its zoning regulations. However, this court believes that the decision in *Michener* cannot be read to hold that the substantial interest in land held by DuBois Dutch as the equitable owner may be taken away by zoning regulations. Zoning principles regulate the use of one's land. Zoning regulations do not regulate the ownership of that land. "The use and ownership of

property are distinct and separate." *Wanamaker v. Philadelphia School District,* 441 Pa. 567, 572, 274 A.2d 524, 526 (1971). "Zoning ordinances regulate usage and not method of ownership. If a use is permitted, a municipality may not regulate the manner of ownership of the legal estate." (citations omitted) *Dublin Properties v. Board of Commissioners of Upper Dublin Township,* 21 Pa. Commw. 54, 57 n.3, 342 A.2d 821, 822 n.3 (1975).

The Supreme Court rejected Guido's argument that land subdivision ordinances and zoning ordinances could be used to deprive DuBois Dutch of its ownership rights in the 2.605 acres:

"These cases say nothing about the antecedent proposition that, upon exercise, the option vested title to the parcel in Dubois [sic] Dutch as of June 16, 1982, notwithstanding the consequences of any subsequent zoning regulation on either party's use or enjoyment of that property. Although this result undeniably complicates zoning issues—this case being one example—*Spencer; Detwiler,* and *Powell* leave no room for doubt as to the legal status, or the legally effective date of inception, of Dubois [sic] Dutch's title to the property once it exercised the option." *Guido v. Township of Sandy,* 584 Pa. at 103, 880 A.2d at 1226.

At the trial of the subdivision appeal in this case filed to no. 99-867 C.D., John A. Guido admitted that throughout the time of his ownership of the larger parcel, the property that was the subject of the leasehold/optioned interest and his remaining land were maintained as separate properties. (Appellant's exhibit 1b, p. 415a.) Likewise, his predecessor in title, Phillip James Diering-

er, admitted on cross-examination that when he bought the land in 1982, he was aware that he was taking it subject to the rights of the Dutch Pantry restaurant in the land that had existed since the early 1970s. (Appellant's exhibit 1b, p. 421a.) Mr. Dieringer confirmed that at no time after he purchased the property in 1982 did he ever consider that he had a right to enter upon the leasehold premises occupied by the Dutch Pantry restaurant and to use it as his own despite the fact that he was the legal title owner. (Appellant's exhibit 1b, p. 430a.)

When Sandy Township approved the initial request for subdivision on July 7, 1999, it admitted that the parties have always treated these properties as two separate parcels and "the Township always recognized it as two separate parcels." (Appellant's exhibit 1a, p. 6a.) Indeed, both parcels are fully developed and separate businesses have been conducted thereon for well over 35 years. There are separate gas lines, sewer lines, water lines and electric and telephone lines to both parcels. The size and dimensions of the land remaining to each party upon the grant of modification and subdivision approval is exactly what each party bargained for when each purchased his interest in the property. John Guido bought his gas station business and the land on it was located subject to a lease with option to purchase that fully described the 2.605 acres that he would have to transfer to the owner of the restaurant upon its exercise of the option. The amount and dimension of the land remaining to him after the exercise of the option was described at length in metes and bounds in the memorandum of lease that was recorded in the courthouse prior to the time of his purchase. The exercise of the option by DuBois Dutch

gives him no more nor less than the exact benefit of his bargain. Nothing that DuBois Dutch did deprives Guido of any interest he had in his land.

While it is true that Sandy Township modified its zoning ordinance in the meantime to enlarge the lot size requirement in a Commercial-Highway District from 10,000 square feet to 45,000 square feet, Guido's use of the parcel predated the amendment of the ordinance and by law, his use must be allowed to continue based on the reality that a division-in-fact has already occurred. His use of the property as a service station is allowed under the new zoning ordinance and he continues to enjoy the opportunity of changing that use to any use allowed under the zoning ordinance if he does not want to continue to operate a service station.

The Supreme Court saw no impediment to either party in this case filing a modification request and declared that arguments could be made by both parties in favor of modification. (584 Pa. at 107-108 n.17, 880 A.2d at 1228-29, n.17.) DuBois Dutch has a hardship if modification is not granted because it cannot compel Guido to transfer title without a valid subdivision. Guido suffers a hardship if modification is not granted because he cannot comply with his legal obligations to convey the premises to DuBois Dutch until and unless subdivision approval is granted.

The Supreme Court recognized that Sandy Township really has no reason not to grant the modification request because the properties are fully developed and have been in operation for years in conformance with the municipality's comprehensive development plan; street, curb

and walkway provisions; water and sewer requirements; and flooding abatement measures. 584 Pa. at 106, 880 A.2d at 1227-28.

Guido argues that if the modification request is granted, the only legal defense he has to his refusal to convey the premises to DuBois Dutch will be removed and he will be left with a substandard lot. That is not the law. The size of his lot will be no different now than if a subdivision request had been made and granted prior to 1997. Once the modification is granted and the requirement that the subdivision conform to the lot size and setback requirements of the zoning ordinance waived, Guido's lot becomes a nonconforming lot and he can use it for any lawful purpose despite its size.

There are buildings on both lots and no structural changes are contemplated. No building permit is required for either site because the buildings already exist. The streets are already paved and the Township has been providing separate water and sewer services to these two parcels from the beginning. There is no change in the services demanded from the Township as a result of granting formal approval to the modification and the subdivision request. There will be no added burden to public utilities or roadways nor any adverse effect upon the health, welfare or safety of the community.

Here the granting of subdivision approval simply confirms a development plan that was in existence prior to the promulgation of the pertinent zoning regulations in Sandy Township. The granting of the approval to DuBois Dutch does not aggravate any pollution problem

nor impose any additional burden upon the services of the community. Consequently, it cannot be argued that the granting of subdivision approval for a division of land that already is in existence is prohibited by either the MPC or the Sandy Township Subdivision and Land Development Ordinance.

Sandy Township's own ordinance allows the modification of the standards set forth in article 6 to permit the reasonable utilization of the property while securing substantial compliance with the intent and purpose of the Township's regulations where strict compliance with the standards is clearly impractical due to site conditions. In the case at bar, the conditions of this site do not allow strict compliance with the lot size and setback standards because the parties have already divided the land into two different parcels owned by two different people. The sovereignty of the MPC and the Township's ordinances are preserved because a formal modification request has been made. The granting of that request is not only allowed but anticipated under the language of the MPC and the Township's own ordinances. The granting of the request merely formalizes and legalizes the division that has already occurred in this case as a result of actions of both parties.

This court believes that DuBois Dutch is entitled to have the court grant the modification request, waive the requirements of section 611A and grant subdivision approval as shown in the survey map entered into evidence as appellant's exhibit 2 which was drawn based on the descriptions of the property set forth in the lease/option agreement.

Consistent with the court's ruling that DuBois Dutch is entitled to modification, the subdivision request of Guido which was approved by Sandy Township must be denied. The right to own property is a right so fundamental that it is protected by the United States Constitution as well as the Pennsylvania Constitution. DuBois Dutch has been declared by the Supreme Court of Pennsylvania to be the equitable owner of the entire 2.605 acre parcel. Those rights cannot be ignored nor can they be taken away without compensation.

The request by Guido to subdivide the parcel in a manner that takes from DuBois Dutch some of its land and conveys it to Guido without the agreement of DuBois Dutch constitutes a prohibited unconstitutional taking of appellant's property.

Guido holds the 2.605 acres in trust for DuBois Dutch and is obligated by law to convey the same to DuBois Dutch upon its request. Guido cannot control any portion of the 2.605 acres because it is not his property despite the fact that he is record title holder. Guido cannot come before a municipality or this court to request a subdivision that takes land owned by someone else without the owner's permission. By the same token, this court cannot approve a subdivision request that divides the subject parcel into any other configuration than the one described in the lease/option agreement.

## ORDER

Now, February 23, 2007, under the power granted to this court at section 1006-A of the Pennsylvania Municipalities Planning Code at 53 P.S. §11006-A and in

accordance with the authority of section 512.1 of the Pennsylvania Municipalities Planning Code at 53 P.S. §10512.1 and sections 601 and 1004 of the Sandy Township Subdivision and Land Development Ordinance enacted May 21, 1997, it is hereby ordered and decreed that:

(1) The 3.379 acre parcel of ground presently titled in the name of John A. Guido and subject to an option for conveyance of a 2.605 acre portion thereof was divided in fact into the Restaurant Parcel and the Gas Station Parcel effective June 16, 1982, at the time that DuBois Dutch LLC exercised its option to purchase the Restaurant Parcel on November 16, 1998;

(2) The division-in-fact of the subject premises in accordance with the descriptions of the subject properties contained in the lease/option agreement of June 16, 1982, resulted in the Gas Station Parcel being unable to comply with the minimum requirements of the Sandy Township Zoning Ordinance preventing subdivision approval under the Sandy Township Subdivision and Land Development Ordinance enacted May 21, 1997, without modification of the standards imposed by the Sandy Township Subdivision and Land Development Ordinance;

(3) Strict compliance with the standards of the Sandy Township Subdivision and Land Development Ordinance are clearly impractical due to site conditions resulting from the prior division-in-fact of the parcels into a Restaurant Parcel and a Gas Station Parcel and thus modification of the minimum lot size and width requirements as well as side setback building lines to permit the continued reasonable utilization of the Gas Station Parcel as

it has been used since the effective date of the division-in-fact of the properties;

(4) A waiver of the requirement that both parcels meet the minimum lot requirements of the Sandy Township Zoning Ordinance will still secure substantial compliance with the intent and purpose of the Sandy Township Subdivision and Land Development Ordinance and will not adversely affect the public health, safety and general welfare because both parcels are fully developed and a modification of the lot size and building setback line requirements will place no further burden upon the services of Sandy Township since all streets, curbs, parking lots and walkways are already constructed and all water, sewer and utility lines are in place;

(5) The provisions of section 611A of the Sandy Township Subdivision and Land Development Ordinance requiring that lots shall comply with the minimum requirements of the Sandy Township Zoning Ordinance are hereby waived;

(6) The request of DuBois Dutch LLC to grant formal subdivision approval of the division-in-fact of the Restaurant Parcel and the Gas Station Parcel in accordance with the descriptions contained in the lease/option agreement dated June 16, 1982, is hereby approved and DuBois Dutch LLC is directed to record the subdivision plan prepared by Alexander & Associates Inc., from the descriptions contained in the lease/option agreement of June 16, 1982, and entered of record in this case as appellant's exhibit 2 in the offices of the Register and Recorder of Deeds of Clearfield County, Pennsylvania, forthwith; and

(7) The subdivision request of John A. Guido is denied and the subdivision plan recorded by him on December 7, 2005, in the offices of the Register and Recorder of Deeds of Clearfield County, Pennsylvania, as Instrument no. 200521182, is hereby voided and the Register and Recorder of Deeds of Clearfield County is instructed to mark the plan, index and any other docketing or record system where such instrument is referenced accordingly.